IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID NORMAN HAZLITT, 13000089,<br>Plaintiff, | )<br>)<br>) |
| v. | ) No. 3:14-CV-764-P |
| PARKLAND MEMORIAL HOSPITAL, ET AL.,<br>Defendants. | )<br>)<br>)<br>) |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Parkland Hospital, Doctor Javier Caldera-Nieves and "medical workers" at the Dallas County Jail and Parkland Hospital.

Plaintiff states that in November, 2012 Doctor Caldera-Nieves at Parkland Hospital prescribed him medication for seizures. He states he started taking the medication in January, 2013 while incarcerated at the Dallas County Jail. He states the medication made him dizzy, caused blurry vision and caused him to fall down. He claims that as a result, he suffers from lack of sleep, major depression and hallucinations. Plaintiff states he is suing Defendants for malpractice and that he seeks money damages.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff's medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff attaches exhibits to his complaint which show that in November, 2012 he was

treated at Parkland Hospital by Doctor Caldera-Nieves. Plaintiff was treated for seizures and was prescribed medication. Plaintiff states he began taking this medication in January, 2013 and that it caused him to have blurry vision, to have trouble walking and to fall down. Plaintiff's exhibits show that he was seen at Parkland Hospital on the same day he began taking the medication because of his complaints about the medication. The exhibits show that Parkland Hospital took him off the seizure medicine. Plaintiff has failed to establish that Defendants were deliberately indifferent to his medical needs. At most, his allegations amount to negligence. "[M]ere negligence, neglect or medical malpractice" do not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Petitioner's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this ___ day of _____, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).